UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25325-JB

LY NGUYEN,

       Petitioner,

v.

CHARLES PARRA, in his official capacity as
Assistant Field Office Director, Krome North
Service Processing Center, *et al.*,

       Defendants.
_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Ly Nguyen's Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. On November 18, 2025, this Court entered an Order to Show Cause, requiring the Respondents to file a response to the Petition by no later than November 21, 2025. ECF No. [6]. On Friday, November 21, 2025, Respondents filed a Response to the Court's Order to Show Cause, ECF No. [17], along with audio recordings which were conventionally filed with the Clerk of Court in Miami, Florida, ECF No. [13].[1] Petitioner filed a Reply, ECF No. [18], along with a record of Petitioner's Removal Proceedings under seal, ECF No. [14]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

---

[1] The Court notes that the recordings submitted were not clearly audible.

I.  **BACKGROUND**

Petitioner is a citizen of Vietnam who has resided in the United States in March 2023.  ECF No. [1] at ¶ 41.  At the time of his initial encounter with Customs and Border Protection ("CBP"), CBP released Petitioner on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act [codified at 8 U.S.C. ¶ 1226]."  ECF No. [17-4] at 1.  On March 26, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a).  ECF No. [17-3] at 1.

On September 16, 2025, DHS issued a Warrant for Arrest of Alien authorizing immigration officers to arrest and take into custody for removal proceedings under sections 236 and 287 of the INA.  ECF No. [17-5].  The same day, Petitioner was arrested at his United States Immigration and Customs Enforcement ("ICE") check-in appointment in Miramar, Florida.  ECF No. [1] at ¶ 43.  Petitioner has since been detained at Krome.  *Id.*

Following his arrest and detainment at Krome, ICE issued a Form I-286, or "Notice of Custody Determination" to continue Petitioner's detention without an opportunity to post bond or be released on other conditions pursuant to section 236.  ECF No. [17-6].  On October 23, 2025, Petitioner appeared with counsel and with the assistance of an interpreter in a hearing regarding his removal proceedings.  *See* ECF

No. [13]. Another hearing was set before the Executive Office for Immigration Review ("EOIR") for November 19, 2025, to allow counsel to prepare. *Id*. At the November 19, 2025, hearing, Petitioner again appeared with counsel and with the assistance of an interpreter, and requested that the matter be reset for an additional hearing on December 22, 2025, at 9:00 a.m. to allow for his new counsel to prepare. *Id*.

On November 20, 2025, the day prior to filing its Response, ICE cancelled the Form I-286 as "improvidently issued," because Petitioner "is an applicant for admission detained pursuant to INA § 235(b)(2)(A)". ECF No. [17-2] at ¶ 15.

On November 14, 2025, Petitioner filed the instant Petition. ECF No. [1]. Petitioner raises a total of three claims. *See generally id.* at 11–15. Count I alleges that Petitioner's continued detention contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings. *Id.* at ¶¶49–51. Count II alleges that 8 U.S.C. § 1226 should instead apply to individuals like Petitioner, and that the application of § 1225(b)(2) to Petitioner unlawfully mandates his continues detention and violated 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at ¶¶ 52–59. Lastly, Count III alleges that the government's detention of petitioner without a bond redetermination hearing to determine whether he is a flight risk or a danger to others violates his right to due process. *Id.* at ¶¶ 56–60. Petitioner requests that this Court issue an Order that (i) issues a Writ of Habeas Corpus requiring that Respondents release Petitioner or, (ii) in the alternative, provide Petitioner with a bond hearing

pursuant to 8 U.S.C. § 1226(a) within seven days, and (iii) declare Petitioner's detention unlawful. To date, Petitioner has not requested a custody redetermination hearing ("bond hearing") before EOIR. *See* ECF No. [17] at 3.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. **Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)**

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), which makes him subject to mandatory detention and does not compel his release or a bond hearing. ECF No. [17] at 2. Petitioner asserts that 8 U.S.C. § 1225 is being incorrectly applied, and that his detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond. ECF Nos. [1] at ¶ 50, [18] at 2. The Court examines each of these statutes in turn, and concludes that § 1226(a) applies to Petitioner.

#### i. **8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*. Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id*. § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id*.

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)."

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

*Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii. 8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.  Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, both CBP and DHS proceeded under section 1226. Specifically, CBP's Order of Release on Recognizance stated that Petitioner was being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," codified at section 1226. ECF No. [17-4]. Additionally, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [17-3]. Instead, the NTA charged him as "present in the United States without admission or parole." *Id.* This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8

7

(emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

### B. Petitioner is Entitled to a Bond Hearing Under Section 1226(a)

Since Petitioner's detention is governed by section 1226(a), he is entitled to an individualized bond hearing before an Immigration Judge.[3]

As discussed above, both CBP and DHS have proceeded with Petitioner's case under section 236 of the INA, which is codified at section 1226. *See* ECF Nos. [17-3] and [17-4]. Section 236.1(d)(1) of the INA gives a detainee the right to seek review of a custody decision before an Immigration Judge. 8 C.F.R. § 236.1(s)(1); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Decades of consistent agency practice also support [petitioner's] entitlement to a bond redetermination hearing under §

---

[3] Although a bond hearing has not been held, the Court notes that Respondent concedes that Petitioner is being detained under section 1225, and has not argued that Petitioner has failed to exhaust his administrative remedies.

1226(a)"). Accordingly, Petitioner is entitled to a bond hearing in accordance with the INA.

Accordingly, Counts I and II of the Petition are meritorious, and Petitioner is entitled to relief thereon.

### C. Petitioner's Due Process Claim

The Court declines to reach the merits of Petitioner's due process claims raised in Count III of the Petition, as it is granting the relief he seeks in Counts I and II. *See, e.g.*, *Puga v. Assistant Field Office Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025) (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8. Should Respondents fail to comply with this Order by providing Petitioner a bond hearing consistent with section 1226(a), Petitioner may renew his due process claim. Given that Count III is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all[.]'" (alteration added; quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

9

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Ly Nguyen's Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. Count III of the Petition is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 1st day of December, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**